**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **MOUNT VERNON FIRE INSURANCE COMPANY**,<br><br> Plaintiff,<br><br>v.<br><br>**RASCALS BAR & GRILL, INC., JOSHUA C. ALLEN, WILLIAM Q. TOUCHTON JR., TIM WILLIAMS, TARA VARNUM, TIMOTHY KENNEDY, EXECUTOR/ADMINISTRATOR FOR THE ESTATE OF ISAIAH KENNEDY, FOUNDERS INSURANCE COMPANY, STATE FARM FIRE AND CASUALTY COMPANY, and JOHN DOE**,<br><br> Defendants. | Civil Action No. 7:12-CV-36 (HL) |

**ORDER**

On March 5, 2012, Plaintiff filed this matter in the Valdosta Division of the United States District Court for the Middle District of Georgia, alleging diversity as the basis for federal jurisdiction. Because federal courts have only limited jurisdiction, part of the Court's initial review process requires the Court to determine whether a proper jurisdictional basis exists in each case. Thus, when a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different states. 28 U.S.C. § 1332(a)(1).

An action for declaratory relief, such as this case, must independently satisfy federal subject matter jurisdiction requirements; the Declaratory Judgment Act does not create an independent basis for jurisdiction. *See* 28 U.S.C. § 2201(a) (authorizing district courts to grant declaratory relief in "a case of actual controversy within its jurisdiction"). Thus, in order for Plaintiff to maintain its action for declaratory judgment in this Court, it must still satisfy the jurisdictional prerequisites for filing an action in the federal district courts.

Plaintiff alleges that jurisdiction is proper in this Court because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000. Plaintiff alleges that Defendant Joshua Allen resides in Georgia; that Defendant William Touchton Jr. resides in Georgia; that Defendant Tim Williams resides in Georgia; that Defendant Tara Varnum resides in Florida; that Defendant Timothy Kennedy resides in Florida; that Isaiah Kennedy died as a resident of Florida; and that the Executor/Administrator for the Estate of Isaiah Kennedy resides in Florida.

There is no statutory definition of what constitutes a "citizen" for diversity purposes. <u>Galva Foundry Co. v. Heiden</u>, 924 F.2d 729, 730 (7th Cir. 1991)). Federal courts interpret citizenship under § 1332 as requiring a natural person to

be a United States citizen and be domiciled in a state. *See, e.g.*, Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), *aff'd*, 13 F.3d 409 (11th Cir. 1994). Thus, there are two necessary inquiries regarding citizenship for diversity jurisdiction: (1) whether the person is a United States citizen, and (2) whether the person is domiciled in a particular state.

Under the first inquiry, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. Const. amend. XIV, § 1. Regarding the second inquiry, domicile–synonymous with "state citizenship" in diversity jurisprudence–generally requires two elements: (1) physical presence in a state; and (2) the intent to make the state one's home. Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992). A complaint merely alleging residency, as opposed to state citizenship or domicile, is insufficient to invoke diversity jurisdiction. Id. Domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. *See* Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Therefore, a party must plead citizenship distinctly and affirmatively. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Employers Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); *see also* Duff, 804 F. Supp. at 334. Plaintiff's mere allegations of residency are insufficient.

As a result of these deficiencies, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Complaint fails to

satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Plaintiff should be allowed to amend to correct the deficiencies noted. Accordingly, Plaintiff shall have until March 19, 2012 in which to file an amendment that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

**SO ORDERED**, this the 7th day of March, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh